UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

07 JUL 23 PM 12:01

FILED

| | |
|---|---|
| GREG RICE, | ) |
| Plaintiff, | ) ) ) |
| V. | ) Cause No.: |
| CITY OF KENDALLVILLE, CITY OF KENDALLVILLE WATER DEPARTMENT, and SCOTT MOSLEY, in his individual capacity, | ) ) ) ) ) ) |
| Defendants. | ) ) |

1:07-cv-180 TLS

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, Greg Rice ("Rice"), brings this religious discrimination action against Defendants City of Kendallville, City of Kendallville Water Department, and Scott Mosley, in his individual capacity, for unlawfully violating his rights as protected by Title VII of the Civil Rights Act of 1964 ("Title VII") and pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, alleging that Defendants violated his rights as protected by the Fourteenth Amendment of the United States Constitution.

## PARTIES

2. Rice has resided within the Northern District of Indiana at all relevant times.

3. Defendant City of Kendallville is a governmental entity located in the Northern District of Indiana.

4. Defendant City of Kendallville Water Department is a governmental entity located in the Northern District of Indiana.

5. Defendant Mosley is employed by City of Kendallville Water Department and City

1

of Kendallville as the Superintendent and performs administrative and ministerial duties on behalf of City of Kendallville Water Department and City of Kendallville within the Northern District of Indiana.

## JURISDICTION AND VENUE

6. Jurisdiction is conferred on this Court by 42 U.S.C. § 2000e(b), 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 42 U.S.C. § 1983.

7. Defendant City of Kendallville is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

8. Defendant City of Kendallville Water Department is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

9. Rice was an "employee" within the meaning of 42 U.S.C. § 2000e(f).

10. City of Kendallville, City of Kendallville Water Department, and Scott Mosley are "person[s]" within the meaning of 42 U.S.C. § 1983.

11. Defendants, acting under color of state law and pursuant to a municipal policy, practice, and/or custom, violated Rice's rights as protected by the Fourteenth Amendment of the United States Constitution.

12. Rice satisfied his obligation to exhaust his administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission. Rice received his "Dismissal and Notice of Rights" on the Charge and now timely files his lawsuit within 90 days after receipt of the "Dismissal and Notice of Rights."

13. All facts, events, and transactions giving rise to this lawsuit occurred within the Northern District of Indiana. Venue is, therefore, proper in this Court.

## FACTUAL ALLEGATIONS

14. Plaintiff Rice was hired by Defendants on or about March 11, 1991, as a treatment plant operator for the City of Kendallville's Water Department.

15. At all relevant times of employment, Plaintiff met or exceeded Defendants' legitimate performance expectations.

16. Beginning in approximately the spring of 2004, Defendants began discriminating against Plaintiff because Plaintiff did not practice the same religious beliefs as his immediate supervisor, Department Superintendent, Scott Mosley.

17. For example, Plaintiff, unlike similarly situated employees who practiced the same religious beliefs as Mosley and/or attended Mosley's Church, was harassed by Mosley and terminated for alleged activities that similarly situated employees who practiced Mosley's religious beliefs were not.

18. Specifically, Mosley is a Baptist and a pastor at the Grace Christian Church.

19. Plaintiff is not a Baptist, and he does not attend the Grace Christian Church.

20. Many of Plaintiff's co-workers and Mosley's subordinates are Baptist and attend the Grace Christian Church, including Darrell Nichols, Troy Climie, Andrew Cunningham, and Jim Stevens.

21. Mosley often made comments to Plaintiff regarding religion that were subjectively and objectively offensive. For example, Mosley placed a note in the workplace regarding overtime that stated, "Remember, you are Christians. Be true to your word."

22. Additionally, in November 2006, Mosley told his subordinates, including Plaintiff, that "employees in the Old Testament called their bosses 'master'" and asked "Why don't you call me 'master'?"

23. Mosley also made derogatory comments about the female employees working in the Clerk's office, stating that they are "poisonous," "troublemakers," and "driven to have power over man" in contradiction to "the teachings of the Bible."

24. Also, when a female employee was battling a serious health issue, Mosley stated, "God might be punishing this woman" for the way she conducted herself in the workplace.

25. Mosley also provided Plaintiff with unsolicited dating advice based on Mosley's religious beliefs while Plaintiff was working: Mosley told Plaintiff and his then girlfriend, Stacey, that they should not be alone (unchaperoned) together for at least six (6) months, and Mosley made comments to Plaintiff regarding premarital sex.

26. In the fall of 2006, Plaintiff's son's wallet was stolen, and Plaintiff asked Mosley if he could leave work early to assist his son (Mosley had a policy to allow employees time off to deal with family emergencies). Mosley told Plaintiff that if Plaintiff raised his son better, he would be able to take care of his problems on his own.

27. Mosley also told Plaintiff's co-workers that Plaintiff was a "terrible father" and that Plaintiff "lived a life of sin, drunkeness, and carousing" and that Plaintiff "got what he deserved."

28. In spring 2004, Mosley hired Darrell Nichols, a member of Mosley's church. Mosley later transferred Plaintiff from day shift (a more desirable position) to third shift (a less desirable position) so that Nichols could work day shift.

29. In addition, Plaintiff was suspended for using the internet without another employee present, in violation of Defendants' verbal policies.

30. However, Andrew Cunningham, who is a Deacon at Mosley's church, often uses the internet without another employee present, and he has not been disciplined or suspended.

31. On November 16, 2006, Mosley terminated Plaintiff's employment. Mosley stated

4

that Plaintiff was terminated because of an altercation he had with a female staff member at the Clerk's office on November 14, 2006.

32. In the fall of 2006, Plaintiff's co-worker Troy Climie also had an altercation with a female employee in the Clerk's office; however, Climie was not suspended or terminated.

33. Moreover, Defendants claim Plaintiff was terminated because of insubordination: Mosley claims that Plaintiff hung up on him during a phone conversation on November 14, 2006.

34. On November 14, 2006, Climie also hung up on Mosley during a phone conversation; however, Climie was not suspended or terminated.

35. Climie is a frequent attender and financial contributor of Mosley's church and attended pastoral counseling with Mosley. Mosley performed Climie's "re-marriage" ceremony at Mosley's church.

36. Mosley often asked "non-believers," which is how Mosley referred to individuals who did not share his religious practices, to start employee meetings with "prayers."

37. Defendants unlawfully disciplined, treated differently, and terminated Plaintiff because Plaintiff does not have the same religious beliefs as his supervisor, Mosley.

## CAUSES OF ACTION

### COUNT I - RELIGION DISCRIMINATION – TITLE VII

38. Rice hereby incorporates paragraphs 1-37 of his Complaint.

39. Defendants' unlawful actions were intentional, willful, and done in reckless disregard of Rice's rights as protected by Title VII.

### COUNT II - VIOLATION OF FOURTEENTH AMENDMENT

40. Rice hereby incorporates paragraphs 1-39 of his Complaint.

41. Defendants violated Rice's equal protection rights as protected by the Fourteenth

5

Amendment of the United States Constitution by treating him differently based on religion.

42. The actions of Defendants were intentional, willful, and in reckless disregard of Rice's clearly established rights as protected by the Fourteenth Amendment.

43. Rice has suffered damages as a result of the unlawful actions of Defendants.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Greg Rice, by counsel, respectfully requests that this Court find for him and order that:

1. Defendants reinstate Rice to the same position, salary, and seniority, or pay front pay and benefits to him in lieu of reinstatement;

2. Defendants pay lost wages and benefits to Rice;

3. Defendants pay compensatory damages to Rice;

4. Enter a declaratory judgment holding that Defendants' actions violated Rice's equal protection rights as protected by the Fourteenth Amendment of United States Constitution;

5. Order that Mosley, in his individual capacity, pay punitive damages to Rice;

6. Defendants pay pre- and post-judgment interest to Rice;

7. Defendants pay Rice's attorneys' fees and costs incurred in litigating this action; and

8. Defendants pay to Rice any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

Kenneth E. Lauter (15900-49)

*Carolyn Clay* (signature)
Carolyn A. Clay (24124-49)

HASKIN, LAUTER, LaRUE & GIBBONS
255 North Alabama Street
Indianapolis, IN 46204
Telephone:     (317) 955-9500
Facsimile:      (317) 955-2570
E-Mail:          klauter@hllglaw.com
                     Cclay@hllglaw.com
Attorneys for Plaintiff


## DEMAND FOR JURY TRIAL

Comes now the Plaintiff, by counsel, and demands a trial by jury on all issues deemed so triable.

Respectfully submitted,

*Carolyn Clay* (signature)
Kenneth E. Lauter
Carolyn A. Clay
HASKIN, LAUTER, LaRUE & GIBBONS
255 North Alabama Street
Indianapolis, IN 46204
Telephone:     (317) 955-9500
Facsimile:      (317) 955-2570